## CLARA B. ARNOLD V. J. C. HOPPER.

### No. 15,157.   (91 Pac. 76.)

AGENCY—*Husband and Wife—Statute of Frauds.* Where defendant, a married woman, told plaintiff he might treat as signed by her any notes to which her name was signed by her husband, it was said to have been a declaration that defendant's husband was authorized to execute notes in her name, and not a promise to answer for the debt of another.

Error from Ness district court; CHARLES E. LOBDELL, judge.   Opinion filed July 5, 1907.   Affirmed.

*John F. Wood,* for plaintiff in error.

*Foulks & Wilson,* for defendant in error.

*Per Curiam:* J. C. Hopper commenced this action in the district court of Ness county to recover upon a promissory note made by J. G. Arnold and Clara B. Arnold, who were husband and wife. The husband signed the wife's name to the note. Afterward he abandoned her and left the state. She alone was served with summons in the suit. She denied the execution of the note under oath. To avoid this answer the plaintiff filed a reply which reads:

"(2) Specially replying to the second count of said answer, he avers that prior to the time of the execution and delivery of the note sued on herein, to wit, about the month of November, 1900, the defendant, Clara B. Arnold, for the purpose of inducing the plaintiff thereafter to accept notes with her name signed thereto by her husband, J. G. Arnold, and for the purpose of giving the plaintiff to know and understand that her husband had authority to sign her name to promissory notes, stated and declared to plaintiff that her said husband had authority to sign her name to said notes and that thereafter any notes with her name so signed and delivered to plaintiff she would honor and treat as her note as fully as if she had signed the same in person; and plaintiff avers that thereafter J. G. Arnold, husband of the defendant, Clara B. Arnold, did execute and deliver to plaintiff a promissory note so signed with

his own name and the name of his wife, and his wife recognized and honored the same as her note and obligation without objections, thereby as well as by her statements and declarations aforesaid causing plaintiff to believe that her husband had authority to sign her name to promissory notes given to plaintiff; and plaintiff says that at no time subsequent to the making of said statement of defendant Clara B. Arnold, and prior to the execution and delivery of the note in suit, did plaintiff have any knowledge or information of any kind that the said defendant, Clara B. Arnold, would not honor notes given to plaintiff so signed, nor did he have any knowledge or information that the defendant J. G. Arnold had no authority to sign his wife's name to notes given to plaintiff, and plaintiff avers that by reason of said statement of Clara B. Arnold and of her subsequently honoring a promissory note so signed and delivered to plaintiff he believed that her husband was by her authorized to sign such notes and so believing he accepted the note in suit so signed."

The court on the trial made findings of fact and conclusions of law which read:

### "FINDINGS OF FACT.

"I find the facts to be that the name of Clara B. Arnold was signed to the note in controversy by J. G. Arnold.

"That before the execution of said note the defendant Clara B. Arnold had said to J. C. Hopper in substance that he might treat as signed by her any notes to which her name was signed by J. G. Arnold, which authority had never been revoked.

### "CONCLUSION OF LAW.

"I conclude that such statement by defendant was sufficient in law to render her liable upon the note sued on."

A judgment was entered against Clara B. Arnold for the face of the note, with interest.

The findings are challenged on the ground that they are not sustained by the evidence. There was a sharp and decided conflict between the witnesses, and we see no reason to depart from the rule that this court will

be bound by findings of fact found under such circumstances.

It was suggested in the argument that the statement made by the plaintiff in error to the defendant in error, not being in writing, was in violation of the statute of frauds and void. An examination of it, however, will show that it does not amount to a contract or promise on her part to do or perform anything, but is merely a declaration that J. G. Arnold, her husband, was authorized to execute promissory notes in her name. This is the real purport of the statement made by her, and the defendant in error relied thereon when he accepted the notes so executed. The statute of frauds does not therefore apply.

The judgment is affirmed.